**No. 47541.**—Protest 37442–K of ·Schumacher Bros., Inc. (San Francisco).

Opinion by OLIVER, P. J. The reduction from 1¼ cents to ⅝ of 1 cent per pound under paragraph 720 (a) (2) applies to "hard dry-smoked herring." The sole question therefore before the court is whether the ·merchandise in question, samples of which were received in evidence, is hard dry-smoked herring., Two witnesses for the plaintiff so testified, which testimony stands uncontradicted. On the record presented and following *Haram* v. *United States* (5 Cust. Ct. 159, C. D. 390) and Abstract 47465 the merchandise was held dutiable at ⅝ of 1 cent per pound as claimed.

**No. 47542.**—Protests 974259–G, etc., of Sprouse–Reitz Co. (Los Angeles, etc.)·

Opinion by OLIVER, P. J. The sample consists of a metal cylindrical cigarette or cigar lighter, approximately 2½ inches in length, and has a small metal ring about ½ inch in diameter fitted at the bottom. The only witness for the plaintiff, an employee of the corporation, identified the sample but had no knowledge concerning its use. He testified that he had not used it himself nor had he seen it used. It was therefore found that the claim under paragraph 1552 was not established. The claim under paragraph 1527, as amended by the French Trade Agreement (T. D. 48316), was held wholly untenable, as the only provision at 60 percent under paragraph 1527, as modified by the said trade agreement, is one relating to articles "Composed wholly or in chief value of gold or platinum, or of which the metal part is wholly or in chief value of gold or platinum." Nothing was found in the record to show that these lighters are composed of those ·precious metals and a casual examination indicated that such was not the case. The protests were therefore overruled and the action of the collector affirmed.

**No. 47543.**—Protest 965840–G of American Import Co. (Seattle).

Opinion by OLIVER, P. J. At the hearing an attempt was made by the only witness for the plaintiff to establish that the fur monkeys, a sample of which was received in evidence as illustrative exhibit 1, are the same as those the subject of Abstract 34101, which decision in turn is based upon agreed facts in Abstract 25607. However, this fact was not established. The plaintiff also failed to introduce any evidence that the merchandise is not chiefly used for the amusement of children. On the record presented the protest was overruled.